IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50595
Conference Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ALEJANDRO ROCHA-MENDOZA,

                                        Defendant-Appellant;


_____

Consolidated with
No. 00-50631

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CATALINO GARCIA-ARREDONDO, also known as
Samuel Perez-Hernandez,

                                        Defendant-Appellant;


_____

Consolidated with
No. 00-50663

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

EUTIQUIO GONZALEZ-GONZALEZ, also known as
Luis Ramirez,

                                        Defendant-Appellant;

_____

Consolidated with
No. 00-50701

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN MORALES-HERNANDEZ, also known as
Martin H. Morales,

Defendant-Appellant;

_____

Consolidated with
No. 00-50769

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADRIAN DEMERIO LABRADO-ALVAREZ, also known as
Adrian Labrado,

Defendant-Appellant.

- - - - - - - - - -
Appeals from the United States District Court
for the Western District of Texas
- - - - - - - - - -
February 15, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Alejandro Rocha-Mendoza, Catalino Garcia-Arredondo, Eutiquio Gonzalez-Gonzalez[**], Martin Morales-Hernandez, Adrian Demerio Labrado-Alvarez (collectively the Defendants) appeal their

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**]Gonzalez's real name is David Chavez-Prado.

sentences following their guilty plea convictions for illegal re-entry after deportation in violation of 8 U.S.C. § 1326. The Defendants argue that their sentences should not have exceeded the two-year maximum sentence under 8 U.S.C. § 1326(a). The Defendants acknowledge that their argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but they seek to preserve the issue for Supreme Court review in light of Apprendi v. New Jersey, 120 S. Ct. 2348 (2000).

The Defendants' argument is foreclosed by Almendarez-Torres, 523 U.S. at 235.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that the judgments of the district court be affirmed and that an appellee's brief not be required. The motion is granted.

AFFIRMED; MOTION GRANTED.